UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:24-cv-22164-LEIBOWITZ

**KARSTEN MANUFACTURING CORPORATION**,

    *Plaintiff*,

v.

**THE INDIVIDUAL, BUSINESS ENTITY, OR UNINCORPORATED ASSOCIATION d/b/a shopthemasters.com**,

    *Defendant*.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court on Plaintiff's Motion for Entry of Default Final Judgment against Defendant (the "Motion") [ECF No. 15], filed on September 11, 2024.

By the instant Motion, Plaintiff, Karsten Manufacturing Corporation ("Plaintiff") seeks entry of a default final judgment against Defendant, the Individual, Business Entity, or Unincorporated Association identified on Schedule "A" hereto ("Defendant"), which operates the Internet based e-commerce store that infringes Plaintiff's trademarks and promotes and sells counterfeit goods bearing and/or using Plaintiff's trademarks. [*See generally* Mot.] Plaintiff requests the Court: (1) enjoin Defendant from producing or selling goods that infringe on its trademarks; and (2) award statutory damages. [*See generally id.*].

A Clerk's Default [ECF No. 14] was entered against Defendant on September 11, 2024, after Defendant failed to respond to the Complaint [ECF No. 1], despite having been served. *See* Affidavit of Service [ECF No. 12]. The Court has carefully considered the Motion, the record, and applicable law, and finds default judgment against Defendant is proper.

# I. BACKGROUND[1]

## A. Factual Background

Plaintiff is the owner of the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office (the "Karsten Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| PING | 1,637,647 | March 12, 1991 | IC 025. Clothing; namely, shirts, caps, sweaters, and sun visor |
| PING | 4,500,596 | March 25, 2014 | IC 025. Clothing, namely, shirts, sweaters, sweatshirts, windshirts, woven shirts, shorts, vests, jackets, rainwear, socks, gloves, mittens, belts; headgear, namely, hats, caps, and visors; children's shirts and hats. |

[*See* Decl. of Jud Hawken in Supp. of the Pl.'s Mot. ("Hawken Decl."), ECF No. 15-1 ¶ 4; *see also* United States Trademark Registrations of the Karsten Marks at issue attached as Composite Exhibit 1 to the Comp., ECF No. 1-2]. The Karsten Marks are used in connection with the design, marketing, and distribution of high-quality goods in the categories identified above. [*See* Hawken Decl. ¶ 4].

Defendant, through Internet based e-commerce store under the seller name identified on Schedule "A" hereto (the "E-commerce Store Name"), has advertised, promoted, and offered for sale goods bearing and/or using what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Karsten Marks. [*See* Hawken Decl. ¶¶ 10–12; Decl. of Virgilio Gigante in Supp. of the Pl.'s Mot. ("Gigante Decl."), ECF No. 15-3 ¶ 2; Decl. of Kathleen Burns in Supp. of the Pl.'s Mot. for Order Auth. Alt. Service of Process ("Burns Decl."),

---

[1] The factual background is taken from Plaintiff's Complaint, Plaintiff's Motion, and supporting Declarations submitted by Plaintiff.

2

ECF No. 5-2 ¶ 3]. Defendant is not now, nor has it ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Karsten Marks. [*See* Hawken Decl. ¶¶ 10, 12]. Plaintiff's counsel retained Invisible Inc., a licensed private investigative firm, to investigate the promotion and sale of counterfeit and infringing versions of Plaintiff's branded products by Defendant. [*See* Hawken Decl. ¶ 11; Gigante Decl. ¶ 2]. Invisible accessed the e-commerce store operating under Defendant's E-commerce Store Name and observed products offered for sale using Karsten's trademarks at issue in this action. [*See* Burns Decl. ¶ 3]. Detailed web pages and images captured and downloaded by Invisible showing the Karsten branded products offered for sale via Defendant's E-commerce Store Name were sent to Plaintiff's representative for inspection. [*See* Hawken Decl. ¶ 11; Gigante Decl. ¶ 2; Burns Decl. ¶ 3]. Plaintiff reviewed and visually inspected the Karsten branded goods offered for sale via the E-commerce Store Name by reviewing the detailed web page captures and images of the items using the Karsten Marks, and determined the products were non-genuine, unauthorized versions of Plaintiff's goods. [*See* Hawken Decl. ¶¶ 11–12].

### B.    Procedural Background

On June 5, 2024, Plaintiff filed its Complaint [ECF No. 1] against Defendant for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement. On June 11, 2024, Plaintiff filed its Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) [ECF No. 5], which the Court granted on July 24, 2024 [ECF No. 11]. In accordance with the July 24, 2024 Order Authorizing Alternative Service, Plaintiff served Defendant with its Summons and a copy of the Complaint via electronic mail and via website posting on July 25, 2024. [*See* Gigante Decl. ¶ 5; *see also* Aff. of Service, ECF No. 12].

Defendant failed to file an answer or other response, and the time allowed for Defendant to respond to the Complaint has expired. [*See* Gigante Decl. ¶¶ 6–7]. To Plaintiff's knowledge, Defendant is not an infant or incompetent person, and the Servicemembers Civil Relief Act does not apply. [*See id.* ¶ 8]. On September 9, 2024, Plaintiff moved for a Clerk's Entry of Default [ECF No. 13]. A Clerk's Default was entered against Defendant on September 11, 2024 [ECF No. 14] for failure to appear, plead, or otherwise defend pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiff now moves the Court to grant default final judgment against Defendant.

## II. LEGAL STANDARD

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court is authorized to enter a final judgment of default against a party who has failed to respond to a complaint. *See* Fed. R. Civ. P. 55(b)(2). The entry of default constitutes an admission by a defendant of the well-pleaded allegations in the complaint. *See Cancienne v. Drain Master of S. Fla., Inc.*, No. 08-cv-61123, 2008 WL 5111264, at *1 (S.D. Fla. Dec. 3, 2008) (citing *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1277–78 (11th Cir. 2005)). However, a defendant's default "does not in itself warrant. . . entering a default judgment." *Goldman v. HSBC Bank USA, Nat'l Ass'n*, No. 13-cv-81271, 2015 WL 1782241, at *1 (S.D. Fla Mar. 24, 2015) (alteration in original; internal quotation marks omitted) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Because a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law, the Court must first determine whether there is a sufficient basis in the pleading for judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default[.]").

Once a plaintiff has established a sufficient basis for liability, the Court must conduct an inquiry to determine the appropriate damages. *PetMed Express, Inc. v. MedPets.Com, Inc.*, 336 F.

4

Supp. 2d 1213, 1217 (S.D. Fla. 2004).  Although an evidentiary hearing is generally required, the Court need not conduct such a hearing "when . . . additional evidence would be truly unnecessary to a fully informed determination of damages."  *Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746 (11th Cir. 2017) (quoting *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)).  Therefore, where the record adequately supports the award of damages, an evidentiary hearing is not required.  *See Smyth,* 420 F.3d at 1232 n.13; *PetMed*, 336 F. Supp. 2d 1213 at 1217 (finding an evidentiary hearing unnecessary because the plaintiff was seeking statutory damages under the Lanham Act).

### III.  DISCUSSION

#### A.  Claims

Plaintiff seeks default judgment against Defendant on the claims asserted in the Complaint: (1) trademark counterfeiting and infringement under Section 32 of the Lanham Act, in violation of 15 U.S.C. § 1114 (Count I); (2) false designation of origin under Section 43(a) of the Lanham Act, in violation of 15 U.S.C. § 1125(a) (Count II); (3) unfair competition under Florida common law (Count III); and (4) trademark infringement under Florida common law (Count IV).  [*See* Compl. ¶¶ 38–63].

##### 1.  Counterfeiting and Infringement

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark . . . which . . . is likely to cause confusion, or to cause mistake, or to deceive."  15 U.S.C. § 1114(1)(a).  To prevail on a trademark infringement claim, a plaintiff must demonstrate "(1) that it had prior rights to the mark at issue and (2) that the defendant had adopted a mark or name that was the same, or confusingly

similar to its mark, such that consumers were likely to confuse the two." *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (footnote call number and citation omitted).

### 2. False Designation of Origin

The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim—*i.e.*, whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.,* 505 U.S. 763, 780 (1992) (Stevens, J., concurring).

### 3. Common Law Unfair Competition

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's products is also the determining factor in the analysis of unfair competition under the common law of Florida. *See Rolex Watch U.S.A., Inc. v. Forrester*, No. 83-cv-8381, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1986) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983).").

### 4. Common Law Trademark Infringement

The analysis of liability for Florida common law trademark infringement is the same as the analysis of liability for trademark infringement under Section 32(a) of the Lanham Act. *See PetMed*, 336 F. Supp. 2d at 1217–18.

## B. Liability

The well-pleaded factual allegations of Plaintiff's Complaint properly contain the elements for each of the above claims. [*See generally* Compl.]. Plaintiff establishes it had prior rights to the marks at issue. [*See* Compl. ¶ 15]. Plaintiff also alleges Defendant "has used, promoted[,] and

otherwise advertised, distributed, offered for sale, and/or sold substantial quantities of its Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine quality goods offered for sale by Karsten [.]" [*Id.* ¶ 25 (alteration added)]. Further, Plaintiff alleges "Defendant's . . . infringing activities are likely to cause confusion, deception[,] and mistake in the minds of consumers[.]" [*Id.* ¶ 32 (alterations added)].

Because the allegations in the Complaint are deemed admitted by virtue of Defendant's failure to answer or respond, default judgment under Rule 55 of the Federal Rules of Civil Procedure is appropriately entered against them.

### C.      Relief

Plaintiff requests an award of equitable relief and monetary damages against Defendant for trademark infringement in Count I. The Court analyzes Plaintiff's request for relief as to Count I only, as judgment for Count II, III, and IV—false designation of origin, common law unfair competition, and common law trademark infringement—is limited to entry of the requested equitable relief under Count I. [*See generally* Mot.].

*Injunctive Relief*.  Under the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (alteration in original; quotation marks omitted; quoting *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Injunctive relief is available even in the default judgment setting, *see, e.g., PetMed*, 336 F. Supp. 2d at 1222–23, since a defendants' failure to respond or otherwise appear makes it difficult for a plaintiff to prevent further

infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief." (alteration added)).

Permanent injunctive relief is appropriate when a plaintiff demonstrates: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (citations omitted). Plaintiff has carried its burden on each of the four factors.

Specifically, "a sufficiently strong showing of likelihood of confusion [caused by trademark infringement] may by itself constitute a showing of . . . a substantial threat of irreparable harm." *E. Remy Martin & Co., S.A. v. Shaw-Ross Int'l Imps., Inc.*, 756 F.2d 1525, 1530 (11th Cir. 1985) (alterations added; footnote call number omitted); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage [the plaintiff's] business reputation and decrease its legitimate sales." (alteration added)). Plaintiff's Complaint and the submissions show the goods produced, offered for sale, and/or sold by Defendant are nearly identical to Plaintiff's genuine products, and consumers viewing Defendant's counterfeit goods post-sale would confuse them for Plaintiff's genuine products. [*See, e.g.*, Compl. ¶ 25 ("Defendant's actions are likely to cause confusion of consumers at the time of initial interest, sale, and in the post-sale setting, who will believe Defendant's Counterfeit Goods are genuine goods originating from, associated with, and/or approved by Karsten")].

Plaintiff has no adequate remedy at law so long as Defendant continues to operate the E-commerce Store Name because Plaintiff cannot control the quality of what appears to be its products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill if Defendant's infringing and counterfeiting actions can continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendant faces no hardship if it is prohibited from the infringement of Plaintiff's trademarks. Finally, the public interest supports the issuance of a permanent injunction against Defendant to prevent consumers from being misled by Defendant's products, and potentially harmed by its inferior quality. *See Chanel, Inc. v. besumart.com,* 240 F. Supp. 3d 1283, 1291 (S.D. Fla. 2016) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior." (alteration added; citation omitted)); *see also World Wrestling Ent., Inc. v. Thomas*, No. 12-cv-21018, 2012 WL 12874190, at *8 (S.D. Fla. Apr. 11, 2012) (considering the potential for harm based on exposure to potentially hazardous counterfeit merchandise in analyzing public's interest in an injunction). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendant's infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.,* 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould [sic] each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

*Statutory Damages.* In a case involving the use of counterfeit marks in connection with the sale, offering for sale, or distribution of goods, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good. *See* 15 U.S.C. § 1117(c)(1). In addition, if the Court finds Defendant's counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per counterfeit mark per type of good. *See* 15 U.S.C. § 1117(c)(2).

The Court has wide discretion to determine the amount of statutory damages. *See PetMed*, 336 F. Supp. 2d at 1219 (citations omitted). An award of statutory damages is appropriate despite a plaintiff's inability to prove actual damages caused by a defendant's infringement. *See Under Armour, Inc. v. 51nfljersey.com*, No. 13-cv-62809, 2014 WL 1652044, at *7 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent." (alteration added; citations omitted)); *Playboy Enters., Inc. v. Universal Tel-A-Talk, Inc.*, No. 96-cv-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where the plaintiff failed to prove actual damages or profits). The option of a statutory damages remedy in trademark counterfeiting cases is sensible given evidence of a defendant's profits in such cases is frequently almost impossible to ascertain. *See, e.g.,* S. Rep. No. 104–177, pt. V § 7, at 10 (1995) (discussing purposes of Lanham Act statutory damages); *PetMed*, 336 F. Supp. 2d at 1220 (recognizing that statutory damages are "[e]specially appropriate in default judgment cases due to infringer nondisclosure" (alteration added; citations omitted)).

This case is no exception. The allegations of the Complaint and the evidence establish that Defendant intentionally copied one or more of the Karsten Marks for the purpose of deriving the benefit of Plaintiff's well-known reputation.  Defendant has defaulted on Plaintiff's allegations of willfulness.  [*See* Compl. ¶ 31]; *see also Arista Records, Inc. v. Beker Enters.*, *Inc.*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003) (concluding that a court may infer willfulness from the defendants' default); *PetMed*, 336 F. Supp. 2d at 1217 (stating that upon default, well-pleaded allegations are taken as true).  As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of good as statutory damages to ensure Defendant does not continue its intentional and willful counterfeiting activities.

The only available evidence demonstrates Defendant promoted, distributed, advertised, offered for sale, and/or sold at least one type of good bearing marks which were counterfeits of two of the Karsten Marks protected by federal trademark registrations.  [*See* Compl. ¶¶ 15, 39–43; Hawken Decl. ¶¶ 4, 10–12, 14; *see also* Hawken Decl. Ex. 1, Statutory Damages Calculation Chart, ECF No. 15-2].  Based on the above considerations, Plaintiff suggests the Court award statutory damages by starting with a baseline of twenty thousand dollars ($20,000.00), trebled to reflect Defendant's willfulness, and doubled for the purpose of deterrence, resulting in one hundred twenty thousand dollars ($120,000.00) per trademark counterfeited per type of good sold by Defendant.  [*See* Mot. at 12; Hawken Decl. ¶¶ 14–15; Statutory Damages Calculation Chart].

The award should be sufficient to deter Defendant and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendant, all stated goals of 15 U.S.C. § 1117(c).  The Court finds this award of statutory damages falls within the permissible range under 15 U.S.C. § 1117(c) and is just.  *See Adidas AG v. Individuals, Bus. Entities, & Unincorporated Ass'ns Identified on Schedule "A,"* No. 23-cv-62191, 2024 U.S. Dist.

Lexis 33208, at *17 (S.D. Fla. Feb. 27, 2024) (entry of statutory damages award using a baseline of $20,000.00, trebled to reflect willfulness and doubled for the purpose of deterrence, resulting in $120,000.00 per trademark counterfeited per type of good offered for sale and/or sold).

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Entry of Default Final Judgment [**ECF No. 15**] is **GRANTED**. Default final judgment and a permanent injunction shall be entered by separate order.

**DONE AND ORDERED** in the Southern District of Florida on September 13, 2024.



DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:   counsel of record

**SCHEDULE "A"**
**DEFENDANT'S E-COMMERCE STORE NAME,**
**FINANCIAL ACCOUNT INFORMATION, AND E-MAIL ADDRESS**

| Defendant / E-commerce Store Name | PayPal Email / Payee | Merchant ID | E-mail Address |
|---|---|---|---|
| shopthemasters.com |  | ACJP75D8KTGAQ | Contact@shopthemasters.com |
|  | Tình Thị Bùi | CJHBGU9BJUGBC | support@shopthemasters.com |